**PENNSYLVANIA STATE LODGE, FRATERNAL ORDER OF POLICE, Petitioner**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, Michael DiBerardinis, Secretary of the Department of Conservation and Natural Resources, Rita Calvan, Deputy Secretary of the Department of Conservation and Natural Resources, Roger Fickes, Director, Bureau of State Parks of the Department of Conservation and Natural Resources, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 3, 2006.

Decided July 13, 2006.

Publication Ordered Oct. 19, 2006.

Richardson Todd Eagen, Harrisburg, for petitioner.

Timothy Paul Keating, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Before the Court, in our original jurisdiction,[1] are the preliminary objections of Respondents, the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources[2] (Department) filed in response to Petitioner's, the Pennsylvania State Lodge, Fraternal Order of Police (FOP), two-count Complaint wherein the FOP seeks relief in mandamus and a declaratory judgment. The Department's initial challenge is to the standing of the FOP to bring this action; the secondary challenge presumes standing, and questions in the alternative, whether the FOP has established a clear right to relief.

 Since the matter is before the Court on preliminary objections, our review is limited to the pleadings. *Pennsylvania State Troopers Association v. Commonwealth of Pennsylvania*, 146 Pa. Cmwlth. 467, 606 A.2d 586 (1992). We are required to accept as true the well-pled averments set forth in the FOP's com-

1. Section 761 of the Judicial Code, 42 Pa.C.S. § 761 provides:
 **(a) General Rule.**–The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
 (1) Against the Commonwealth government. . . .

2. The term Respondents references all parties set forth in the caption, i.e., Commonwealth of Pennsylvania, Department of Conservation and Natural Resources, Michael DiBerardinis, Secretary of the Department of Conservation and Natural Resources, Rita Calvan, Deputy Secretary of the Department of Conservation and Natural Resources, Roger Fickes, Director, Bureau of State Parks of the Department of Conservation and Natural Resources.

plaint, and all inferences reasonably deducible therefrom. *Id.* Moreover, the court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Meier v. Maleski,* 167 Pa. Cmwlth. 458, 648 A.2d 595 (1994). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections. *Pennsylvania State Troopers,* 606 A.2d at 587. For the reasons set forth below, we sustain the preliminary objections.

In its petition for review the FOP avers that its membership is comprised of sworn police officers who are citizens and taxpayers having a right to safely access and enjoy Commonwealth parklands and forests. The FOP avers that its members are subject to the law known as the Statewide Municipal Police Jurisdiction Act ("MPJA"), 42 Pa.C.S. §§ 8951–8954, which requires municipal police offices to receive Act 120 [3] training. The FOP avers that the Conservation and Natural Resources Act ("Conservation Act"), Act of June 28, 1995, P.L. 89, *as amended,* effective July 1, 1995, 71 P.S. §§ 1340.101 –1340.322., authorizes the Department to commission individuals to carry out the duty of protecting state forests and policing state park lands, and authorizes those individuals to make arrests in limited circumstances. The FOP avers that the Conservation Act mandates that those persons appointed and commissioned to preserve order in the state parks (hereinafter "park rangers")

shall have all the powers and prerogatives conferred by law upon constables of the Commonwealth. The FOP avers that the Conservation Act requires the Department to train park rangers at each park in accordance with the dictates of Act 120, which requires the training of municipal police. The FOP avers that the Department's failure to provide Act 120 training to its park rangers risks the safety of the general citizenry, and, is violative of the Conservation Act.

Additionally, the FOP asserts that the Department relies on local municipal police to preserve order in the state parks. The FOP alleges that its members are endangered when they give assistance to park rangers because park rangers do not have Act 120 law enforcement training. The FOP seeks mandamus relief in the form of an order directing the Department to provide Act 120 training to park rangers and for declaratory relief in the form of a declaration that the Department's use of municipal law enforcement and untrained park rangers to preserve order in state parks and state forests is contrary to the MPJA.

In response to the Complaint, the Department has filed preliminary objections in the nature of demurrer alleging that the FOP is not an aggrieved party and that therefore it does not have standing to bring this action. It is well established that for a party to have standing to challenge the action of the Department, the party must be aggrieved. *South Whitehall Township Police Service v. South Whitehall Township,* 521 Pa. 82, 86, 555 A.2d 793, 795 (1989) (*quoting Franklin*

---

**3.** Throughout its brief the FOP refers uses the nomenclature "Act 120" when referring to the Municipal Police Education and Training Law. The FOP's reference to Act 120 is inaccurate. Act 120, set forth at 53 P.S. § 740, et seq., was repealed December 19, 1996, P.L. 1158, No. 177, the subject matter is now found at 53 Pa.C.S. §§ 2161—2171. For consistency sake, we shall maintain the designation "Act 120" when referring to the Municipal Police Education and Training Law set forth at 53 Pa.C.S. § 2161–2171.

*Township v. Commonwealth, Department of Environmental Resources*, 500 Pa. 1, 4, 452 A.2d 718, 719 (1982)). To be aggrieved, " 'a party must have a substantial interest in the subject matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence.' " *Id.* To have a substantial interest in the subject matter of the litigation, there must be a "discernible adverse effect to an interest of the aggrieved individual which differs from the abstract interest of the general citizenry in having others comply with the law." *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators*, 696 A.2d 859, 869 (Pa.Cmwlth.1997). An interest is direct when the aggrieved person can show a causal connection between the alleged harm to his interest and the matter of which he complains. *Id.* The interest is immediate when the causal connection between the injury and the matter complained of is not too remote. *Id.*

■ The Court concludes that the FOP has not shown the type of substantial interest in the Conservation Act that distinguishes it from members of the general public. Specifically, the FOP has not alleged any adverse effect to its interests because the Department does not train its park rangers pursuant to Act 120. A direct interest is not established through an allegation the general membership of the FOP is subjected to increased liability when some of those members are required to perform their statutory duty as municipal police officers and assist park rangers. (Amended Petition for Review, Paragraphs 20 and 21.) The allegations in the petition for review are general averments that fail to establish the necessary direct connection between the FOP membership and the Department's park rangers. Moreover, the complaint's allegations do not set forth a violation of a legal duty, as much as they put forth the FOP's general criticism of the Department's park ranger training program.

In addition, the general allegation that FOP members fear for their safety and for the safety of all citizenry because the park rangers have not been trained pursuant to Act 120, fails to demonstrate that the FOP possesses a substantial, direct, and immediate interest in this case that is distinct from the interest of other members of the general public. The FOP's allegation does not allege a harm; it alleges a potential harm. Such an allegation does not give rise to standing to bring a lawsuit. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). For the foregoing reasons, we conclude that the averments lack the necessary factual depth to support a conclusion that the FOP is an aggrieved party; and we therefore conclude that the FOP lacks standing to maintain a declaratory action or maintain an action in mandamus. *Pennsylvania School Boards Association.*

■ However, assuming *arguendo*, that the FOP has standing to bring the action, the FOP avers that the Department must provide Act 120 training to park officers, and that its failure to do so, is a violation of the Department's duties under the Conservation Act and the MPJA. The FOP has not set forth clear authority that supports its argument that the Conservation Act and the MPJA directs the Department to provide Act 120 training to its park rangers, therefore, the FOP has not established that either mandamus relief or declaratory relief is appropriate.

■ " 'Mandamus is an extraordinary writ and is a remedy used to compel the performance of a ministerial act or a mandatory duty.' *Borough of Plum v. Tresco*, 146 Pa.Cmwlth. 639, 606 A.2d 951, 953 (1992). To state a cause of action in

mandamus, a petitioner must demonstrate: (1) a clear legal right, (2) a corresponding duty in the respondent, and (3) the absence of any other appropriate or adequate remedy." *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985). Moreover, "mandamus will not issue unless the right of the petitioner is clear and specific; it can never be invoked in a doubtful case." *Id.* at 58, 488 A.2d at 272 (quoting *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 351, 100 A.2d 601, 604 (1953)).

As an administrative agency [4] within the executive branch of the government of this Commonwealth, the power and authority of the Department is limited to that granted by the enabling legislation. Section 1340.302(c) of the Conservation Act, 71 P.S. § 1340.302(c), empowers the Department in the discretion of the secretary or designee to commission certain forest officers to preserve order in the State parks and the State forests, with all the powers conferred on park officers by Section 303(a)(7)(ii) of the Conservation Act. Section 303(a)(7)(ii) of the Conservation Act, 71 P.S. § 1340.303(a)(7)(ii), grants to the Department police powers that are consistent to those powers and prerogatives conferred upon members of the police force of cities of the first class. The Conservation Act does not, however, mandate that park officers should receive any specialized training. Similarly, the educational training law set forth in Act 120 and referenced in the MPJA does not specifically relate to park officers. Section 8954 of the MPJA, 42 Pa.C.S. § 8954, limits compliance with mandatory certification requirements to those persons employed as a municipal police officer. Section 8951 of the MPJA, 42 Pa.C.S. § 8951, defines a municipal police officer as "[a]ny natural person who is properly employed by a municipality, in-

cluding a home rule municipality, as a regular full-time or part-time police officer." Act 120 clearly states that the subchapter applies to all municipalities. 53 Pa.C.S. § 2161(b). Municipality is not defined; however, police department is defined to include a criminal justice agency as defined in 18 Pa.C.S. § 9102. A criminal justice agency is "any court, including the minor judiciary, with criminal jurisdiction or any other governmental agency, . . . specifically authorized to perform as its principal function the administration of criminal justice, and which allocates a substantial portion of its annual budget to such function." 18 Pa.C.S. § 9102.

 Herein, there is no allegation that the principal function of park rangers is the administration of justice. Neither is there an allegation that the Department is an agency as defined in Section 301 of the Conservation Act, 71 P.S. § 1340.301. Even if such allegations had been made, there is no clear law that evidences that park rangers are to be trained consistent with Act 120. Instead, the plain language of the section requires Act 120 training for municipal police officers and certain other designated criminal justice entities. Accordingly, mandamus will not lie. Likewise, the FOP is not entitled to a declaration that the Department must provide Act 120 training to park rangers.

[D]eclaratory judgment relief requires the presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration will be of practical help in ending the controversy. This relief cannot be used in anticipation of events that may never occur or for rendering an advisory opinion that may prove to be purely academic; there must be a real controversy. Finally, the grant of a de-

---

4. Section 301 of the Act, 71 P.S. § 1340.301.

claratory judgment is not of right, but a matter of the court's discretion.

*Citizen Police Review Board of the City of Pittsburgh v. Thomas Murphy,* 819 A.2d 1216 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* 579 Pa. 694, 856 A.2d 835 (2004). *Sub judice,* the FOP seeks to have this Court declare that the Department must provide training to a group of individuals that the FOP does not represent. The FOP has failed to present any specific, current controversy. Essentially, the FOP seeks relief for a problem may occur in the future. Speculative events cannot support the grant of declaratory relief. *Citizen Police Review Board.*

Accordingly, based on the foregoing discussion, the Department's preliminary objections are sustained; the Complaint is dismissed.

### *ORDER*

AND NOW, this 13th day of July 2006, the Preliminary Objections of all Respondents' are sustained; Petitioner's complaint is dismissed.