# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Thorne,                 :
               Petitioner       :
                                :
           v.                       :
                                :
Commonwealth of Pennsylvania   :
by and through The Pennsylvania   :
State Police,                :   No. 233 M.D. 2016
            Respondent   :   Submitted: December 16, 2016

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: March 20, 2017

The Commonwealth of Pennsylvania by and through The Pennsylvania State Police (PSP) filed a preliminary objection[1] in the nature of a demurrer to Frank Thorne's (Thorne) Petition for Review and Application for Writ of Mandamus (Petition) filed in this Court's original jurisdiction. The sole issue before the Court is whether Thorne's Petition states a claim upon which relief may be granted. After review, PSP's preliminary objection is overruled.

On October 27, 2004, Thorne was sentenced to probation in Ohio for unlawful sexual conduct with a minor.[2] That sentence included a ten-year registration

---

[1] The PSP labeled its filing as "preliminary objections;" however, there is only one objection described therein.

[2] Thorne's reference to unlawful "contact" with a minor in his Petition, Petition at 1, is in error. *See* Section 2907.04 of the Ohio Crimes Code, R.C. § 2907.04 (entitled "[u]nlawful sexual conduct with a minor").

pursuant to Ohio's version of Megan's Law.[3] Thorne complied with all registration requirements, and obtained lawful permission to relocate to Pennsylvania in 2005. Pennsylvania's Act commonly known as Megan's Law III[4] was enacted on November 24, 2004, and was in effect at the time that Thorne relocated. In accordance with Megan's Law III, Thorne began registering as a sex offender in Pennsylvania on February 8, 2005.

The Sexual Offender Registration and Notification Act (SORNA)[5] was enacted on December 20, 2011, and became effective a year later on December 20, 2012. Section 9799.13 of SORNA, 42 Pa.C.S. § 9799.13, requires individuals convicted of sexual offenses to register with PSP. Section 9799.14 of SORNA, 42 Pa.C.S. § 9799.14, classifies sexual offenses in a three-tiered system. Section 9799.15(a) of SORNA, 42 Pa.C.S. § 9799.15(a), specifies the length of time registration is required based upon whether the offense is classified as Tier I (15 years), Tier II (25 years) or Tier III (lifetime). Section 9799.15(a)(7) of SORNA further provides that "[a]n individual subject to registration under [S]ection 9799.13(7.1) [of SORNA] shall register for the period of time equal to the time for which the individual was required to register in another jurisdiction . . . ." 42 Pa.C.S. § 9799.15(a)(7).

In December 2012, PSP notified Thorne that he is a Tier III offender subject to lifetime registration under SORNA. On April 2, 2016, Thorne filed his Petition alleging that PSP misapplied SORNA in his case because Section

---

[3] Ohio's version of Megan's Law in effect at the time Thorne was sentenced was enacted in 1996, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, and was significantly amended in 2003 by Am.Sub.S.B. No. 5 ("S.B. 5"), 150 Ohio Laws, Part IV, 6558.

[4] Act of November 24, 2004, P.L. 1243 *formerly,* 42 Pa.C.S. §§ 9791-9799.9.

[5] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa.C.S. §§ 9799.10-9799.41. Courts also refer to SORNA as the Adam Walsh Act or Megan's Law IV. Megan's Law III expired on December 20, 2012, pursuant to Section 9799.41 of SORNA.

9799.15(a)(7) of SORNA compelled his removal from the Megan's Law registry on October 27, 2014. On June 2, 2016, PSP filed its preliminary objection asserting that Thorne's reliance on Section 9799.15(a)(7) of SORNA is misplaced.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

PSP first argues that Section 9799.15(a)(7) of SORNA does not apply to Thorne's case because he was not required to register under Ohio's version of Megan's Law when SORNA was enacted. We agree.

Section 9799.15(a)(7) of SORNA provides: "An individual subject to registration under [S]ection 9799.13(7.1) [of SORNA] shall register for the period of time equal to the time for which the individual was required to register in another jurisdiction or foreign country." 42 Pa.C.S. § 9799.15(a)(7). Section 9799.13(7.1) of SORNA provides:

> **An individual who, on or after the effective date of this section, is required to register in a sexual offender registry in another jurisdiction** or foreign country based upon a conviction of an offense set forth in [S]ection 9799.14(b)(23) [of SORNA] (relating to sexual offenses and tier system) and:

(i) has a residence in this Commonwealth or is a transient;

(ii) is employed within this Commonwealth; or

(iii) is a student within this Commonwealth.

42 Pa.C.S. § 9799.13(7.1) (emphasis added). Our Supreme Court has explained:

> Our interpretation [of a statute] is guided by the polestar principles set forth in the Statutory Construction Act [of 1972 ],[6] . . . which has as its paramount tenet that '[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.' 1 Pa.C.S.[] § 1921(a).
>
> As we have often recognized, '[t]he General Assembly's intent is best expressed through the plain language of the statute.' *Commonwealth v. Brown,* . . . 981 A.2d 893, 897 ([Pa.] 2009); *Commonwealth v. McCoy,* . . . 962 A.2d 1160, 1166 ([Pa.] 2009). Therefore, when the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning. This means ascribing to the particular words and phrases the definitions which they have acquired through their common and approved usage. It is only in instances where the words of a statute are not explicit, or they are ambiguous, is there need to resort to consideration of the factors in aid of construction enumerated in [Section 1921(c) of the Statutory Construction Act,] 1 Pa.C.S.[] § 1921(c). *McCoy,* . . . 962 A.2d at 1166; *Commonwealth v. Fithian,* . . . 961 A.2d 66, 74 ([Pa.] 2008); *see also* 1 Pa.C.S.[] § 1921(b) ('When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.').

*Commonwealth v. Hart,* 28 A.3d 898, 908 (Pa. 2011) (citations omitted). Here, the statute is "clear and unambiguous." *Id.*

Upon moving to Pennsylvania, Thorne was required to register in Pennsylvania. Thus, as of February 8, 2005, when he began registering in Pennsylvania, he was no longer "required to register in a sexual offender registry in

---

[6] 1 Pa.C.S. §§ 1501-1991.

4

[Ohio] another jurisdiction[.]" 42 Pa.C.S. § 9799.13(7.1). Accordingly, Section 9799.15(a)(7) of SORNA does not apply to Thorne on this basis.[7]

PSP next argues that Section 9799.15(a)(7) of SORNA does not apply to Thorne because his offense is classified as a Tier III offense, not a Tier I offense.[8]

Section 9799.13(7.1) of SORNA expressly applies to individuals convicted "of an offense set forth in [S]ection 9799.14(b)(23) [of SORNA.]" 42 Pa.C.S. § 9799.13(7.1). Section 9799.14(b)(23) of SORNA states: "A conviction for a sexual offense in another jurisdiction or foreign country **that is not set forth in this section**, but nevertheless requires registration under a sexual offender statute in the jurisdiction or foreign country." 42 Pa.C.S. § 9799.14(b)(23) (emphasis added).

---

[7] Thorne relies on *Jackson v. Commonwealth,* 143 A.3d 468 (Pa. Cmwlth. 2016), to support his position. In *Jackson,* the petitioner, like Thorne, had a previous conviction in another jurisdiction requiring a 10-year registration when he moved to Pennsylvania. Unlike Thorne, the petitioner had already completed his 10-year registration in other jurisdictions before SORNA's enactment. The *Jackson* Court held that

> [b]ecause [the petitioner] was convicted of an offense similar to an enumerated Pennsylvania Megan's Law predicate offense, he was required to register as a sex offender with the PSP for ten years. If [the petitioner] is not given credit for the time he registered out of state, his ten-year period of required registration under Megan's Law II[, Act of May 10, 2000, P.L. 74, *formerly* 42 Pa.C.S. §§ 9791–9799.7] would not have expired until 2014. SORNA states that individuals 'who had not fulfilled [their] period of registration as of December 20, 2012' were subject to its provisions, including the lifetime registration requirement. *See* [S]ection 9799.13(3)(i) of SORNA, 42 Pa.C.S. § 9799.13(3)(i). [**The petitioner**] **would fall under this provision of SORNA because he had not completed his ten-year period of registration prior to December 20, 2012**, *unless* he was unconstitutionally denied credit for the years he registered in other states.

*Jackson,* 143 A.3d at 473-74 (bold emphasis added). Because Thorne had not completed his 10-year registration in any state before SORNA's enactment, *Jackson* is inapposite.

[8] Thorne argues that labeling him as a Tier III offender without notice is a due process violation. However, no such allegation appears in his Petition. Thus, this argument is not before the Court.

5

Thorne was convicted of violating Section 2907.04 of the Ohio Crimes Code, entitled: "Unlawful sexual conduct with a minor." R.C. § 2907. Section 2907.04(A) of the Ohio Crimes Code provides: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows **the other person is thirteen years of age or older** but less than sixteen years of age, or the offender is reckless in that regard."[9] R.C. § 2907.04 (emphasis added).

The PSP does not state which Tier III offense it contends Thorne was convicted therefor, nor does it develop its statement: "[Thorne's] offense in Ohio was an equivalent offense under Pennsylvania's law[.]" PSP Br. at 8 n.2. Section 9799.14 of SORNA provides in relevant part:

> **(a) Tier system established.--**Sexual offenses shall be classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses and Tier III sexual offenses.
>
> **(b) Tier I sexual offenses.--**The following offenses shall be classified as Tier I sexual offenses:
>
> . . . .
>
> (23) **A conviction for a sexual offense in another jurisdiction or foreign country that is not set forth in**

---

[9] Thorne acknowledges that Tier II sexual offenses include Section 6318 of the Crimes Code, "18 Pa.C.S. § 6318 (relating to unlawful contact with minor)." 42 Pa.C.S. § 9799.14(c)(5). Section 6318 of the Crimes Code states, in relevant part:

> A person commits an offense if he is intentionally in contact with a minor, . . . for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
> (1) Any of the offenses enumerated in Chapter 31 (**relating to sexual offenses**).

18 Pa.C.S. § 6318 (emphasis added). However, Thorne maintains that because Section 6318 of the Crimes Code does not include the element of recklessness, it is not the same offense. Notwithstanding, only Tier III offenses require lifetime registration.

6

**this section, but nevertheless requires registration under a sexual offender statute in the jurisdiction or foreign country.**

**(c) Tier II sexual offenses.--**The following offenses shall be classified as Tier II sexual offenses:

. . . .

 (5) **18 Pa.C.S. § 6318 (relating to unlawful contact with minor).**

. . . .

**(d) Tier III sexual offenses.--**The following offenses shall be classified as Tier III sexual offenses:

(1) 18 Pa.C.S. § 2901(a.1) (relating to kidnapping).

(2) 18 Pa.C.S. § 3121 (relating to rape).

(3) 18 Pa.C.S. § 3122.1(b) (relating to statutory sexual assault).

(4) 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

(5) 18 Pa.C.S. § 3124.1 (relating to sexual assault).

(6) 18 Pa.C.S. § 3124.2(a.1) [(relating to institutional sexual assault of a minor)].

(7) 18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

(8) **18 Pa.C.S. § 3126(a)(7)** [(**relating to indecent contact with a complainant less than 13 years of age**)]**.**

(9) 18 Pa.C.S. § 4302(b) (relating to incest).

(10) 18 U.S.C. § 2241 (relating to aggravated sexual abuse).

(11) 18 U.S.C. § 2242 (relating to sexual abuse).

(12) 18 U.S.C. § 2244 where the victim is under 13 years of age.

42 Pa.C.S. § 9799.14 (text emphasis added).  The most similar offense to Thorne's crime enumerated under Tier III appears to be Section 3126 of the Crimes Code[10]

---

[10] Section 9799.14(d)(8) of SORNA.

entitled: "Indecent assault" as it relates to "indecent contact with a person **less than 13 years of age**." 18 Pa.C.S. § 3126 (emphasis added). However, because Thorne's conviction was for a sexual offense that specifically refers to a minor as one who is "**thirteen years of age or older**[,]" R.C. § 2907.04 (emphasis added), we cannot state *with certainty* that Thorne's conviction was for a Tier III offense. This conclusion is especially true here where there is a Tier II offense which appears to be similar to the offense of which Thorne was convicted. *See supra* note 9.

Because Thorne's conviction *may* not be classified as a Tier III offense, Section 9799.15(a)(7) of SORNA *may* apply to Thorne. Accordingly, accepting Thorne's allegations as true, and resolving all doubt in his favor, as we must, it does not "appear **with certainty** that the law will not permit recovery[.]" *Pa. State Lodge, Fraternal Order of Police*, 909 A.2d at 415-16 (emphasis added).

Based on the foregoing, PSP's preliminary objection to Thorne's Petition is overruled.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Thorne,                           :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Commonwealth of Pennsylvania            :
by and through The Pennsylvania         :
State Police,                           :        No. 233 M.D. 2016
                        Respondent      :

## O R D E R


AND NOW, this 20th day of March, 2017, the preliminary objection filed by the Commonwealth of Pennsylvania by and through The Pennsylvania State Police (PSP) in the nature of a demurrer to Frank Thorne's Petition for Review and Application for Writ of Mandamus (Petition) is overruled. PSP is ordered to file its answer to the Petition within 30 days of the date of this order.


_____
ANNE E. COVEY, Judge