# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Allen Vasilinda,              :
                                     :
                    Petitioner       :
                                     :
        v.                           : No. 440 M.D. 2019
                                     : Submitted: December 27, 2019
Department of Corrections,           :
                                     :
                    Respondent       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  January 6, 2021


Before this Court, in our original jurisdiction, is the Pennsylvania Department of Corrections' (Department) preliminary objection (PO) in the nature of a demurrer to Robert Allen Vasilinda's (Vasilinda) *pro se* petition for review (Petition) challenging the Department's application of presentence credit and the calculation of his minimum and maximum sentence dates.  Also before us is the Department's application for summary relief (Application).  The Department challenges the legal sufficiency of the Petition and maintains that it is entitled to summary relief because Vasilinda lacks a clear right to the relief requested and the Department does not have a corresponding duty to grant the relief requested.  For

---

[1]The decision in this case was reached prior to January 4, 2021, when Judge Brobson became President Judge.

the reasons that follow, we grant the Department's Application and dismiss Vasilinda's Petition.

## I. Facts Averred

Vasilinda is an inmate currently incarcerated at the State Correctional Institution (SCI) at Laurel Highlands. In August 2019, Vasilinda filed the present Petition in the nature of mandamus along with supporting exhibits challenging the application of presentence credit and the calculation of his minimum and maximum sentence dates.[2] Vasilinda seeks an order from this Court compelling the Department to apply credit for time served in accordance with the October 2, 2017 order (2017 Order) of the Court of Common Pleas of Cambria County (sentencing court). Specifically, Vasilinda seeks presentence credit for the time served at SCI-Somerset from September 3, 2014, to June 29, 2015. Petition, ¶14 & Exhibit No. 1.

According to Vasilinda's averments[3] and supporting documents, by order dated March 19, 2010 (2010 Sentencing Order), he was sentenced at Cambria County Court of Common Pleas Criminal Docket Nos. (Docket Nos.) 1957-2008,

---

[2] In December 2018, Vasilinda filed a similar petition for review, which this Court dismissed without prejudice upon sustaining the Department's demurrer. *See Vasilinda v. Department of Corrections* (Pa. Cmwlth., No. 783 M.D. 2018, filed May 20, 2019). We explained that Vasilinda failed to attach a copy of his sentencing order, did not aver that the court of common pleas ordered credit for time served, and failed to otherwise plead facts sufficient to support a claim against the Department for additional credit for time served. *Id.* We also noted that, although Vasilinda may have been incarcerated on the dates he identified, he failed to relate his periods of incarceration to the arrest and conviction in question. *Id.*

[3] Vasilinda also made notable admissions in his answers to the Department's pleadings, which are included for accuracy and completeness.

2402-2008 and 2408-2008 (original sentence).[4]  Petition for Review, ¶2 & Exhibit No. 3.  On July 17, 2014, while on probation for these crimes, Vasilinda was arrested and incarcerated on a probation violation detainer.  *See* Petition for Review, ¶¶3, 4 & Exhibit No. 6; *see also* Respondent's Preliminary Objection, ¶10; Petitioner's Answer to Respondent's Preliminary Objection, ¶10.  On August 4, 2014, new criminal charges were lodged against Vasilinda at Docket No. 1788-2014.  *See* Petition for Review, ¶¶3, 4; Respondent's Preliminary Objection, ¶11; Petitioner's Answer to Respondent's Preliminary Objection, ¶11; *see also* Docket No. 1788-2014.

On August 12, 2014, following a probation revocation hearing, the sentencing court determined that Vasilinda violated the terms governing his probation at Docket Nos. 1957-2008 and 2408-2008.  Petitioner's Brief, Exhibit C. As a result, the sentencing court revoked Vasilinda's probation and remanded him to jail to "continue [until] new [charges] are disposed of."  *Id.*

On September 3, 2014, Vasilinda was transferred to SCI-Somerset, pending disposition of the new criminal charges.  Petition for Review, ¶¶5, 14. Vasilinda pled guilty and, on May 26, 2015, he was sentenced to 1 year less 1 day to 2 years less 1 day with credit for time served.  Petition for Review, Exhibit No. 2. On June 29, 2015, Vasilinda was transferred from SCI-Somerset to Cambria County Jail to serve his new criminal sentence.  Petition for Review, Exhibit No. 1.

---

[4] This Court may take judicial notice of information contained in the publicly-available criminal dockets in these matters.  *See Moss v. SCI - Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1138 n.11 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019); *see also Commonwealth v. Bond*, 532 A.2d 339, 342-43 (Pa. 1987).  Vasilinda avers that he was sentenced to 8 years of probation, but, according to the dockets, Vasilinda was originally sentenced to 11½ to 23 months of confinement with a consecutive 13-year probationary term.  *See* Docket Nos. 1957-2008, 2402-2008 and 2408-2008.

Based on the new criminal conviction, the sentencing court reexamined the original sentence imposed at Docket Nos. 1957-2008, 2402-2008 and 2408-2008. By order dated July 28, 2015 (2015 Resentencing Order), the sentencing court vacated its 2010 Sentencing Order and resentenced Vasilinda to an aggregate sentence of 6 years, 7 months, and 1 day to 18 years for Docket Nos. 1957-2008 and 2408-2008.[5] Petition for Review, ¶9 & Exhibit Nos. 3 and 6. The sentencing court ordered "credit for time served." Petition for Review, Exhibit No. 3 at 1.

Following Vasilinda's parole from Docket No. 1788-2014, and his return to state custody to serve time on his original sentence imposed on Docket Nos. 1957-2008 and 2408-2008 per the 2015 Resentencing Order, Vasilinda filed a petition with the sentencing court requesting presentence credit. In the 2017 Order, the sentencing court noted that the 2015 Resentencing Order awarded Vasilinda "credit for any time served," but noted that the calculation of that credit rests solely with the Department. Petition for Review, ¶12 & Exhibit No. 4 at 1. The sentencing court instructed that any challenge to the calculation of credit for time served did not belong in the sentencing court and that Vasilinda may file an administrative appeal or an action in mandamus. Hence, Vasilinda's Petition in this Court followed. Vasilinda seeks mandamus relief to compel the Department to apply presentence credit for the time served at SCI-Somerset from September 3, 2014, to June 29, 2015, to his original sentence at Docket Nos. 1957-2008 and 2408-2008 and to recalculate his minimum and maximum sentence dates accordingly.

In response, the Department filed a PO in the nature of a demurrer. Therein, the Department asserts that Vasilinda does not have a clear right to relief

---

[5] With regard to Docket No. 2402-2008, the sentencing court ordered Vasilinda to pay the costs of prosecution and serve 60 months of probation to run concurrent with his incarceration. *See* Docket No. 2402-2008.

4

and it has no duty to credit the time requested or to recalculate Vasilinda's minimum and maximum sentence dates. As far as presentence credit, the Department states that Exhibit 6 to the Petition for Review shows that Vasilinda was given "pre-sentence credit for time served [in] 2008, 2010, 2011 and from July 17, 2014, to August 14, 2014." Respondent's Preliminary Objection, ¶14; *see* Petition for Review, Exhibit No. 6. With regard to the latter detention period, the Department explains that Vasilinda was detained on a probation violation detainer on his original sentence, which was issued by the sentencing court on July 17, 2014, and lifted on August 14, 2014. Respondent's Preliminary Objection, ¶¶10, 15; *see* Docket Nos. 1957-2008, 2408-2008. Thereafter, "Vasilinda remained incarcerated on something other than [the original sentence]." Respondent's Preliminary Objection, ¶16. The Department maintains that, although the sentencing court ordered credit for time served, it did not specify an amount of time by days or dates. Notably, the sentencing court noted that Vasilinda is not entitled to credit for time served prior to sentencing that is applied to unrelated concurrent sentences, as this would constitute double credit.

In response, Vasilinda admitted to the Department's assertion of facts, but contested the Department's interpretation of the sentencing court's 2017 Order and its intention to award credit for any time served. Petitioner's Answer to Respondent's Preliminary Objection, ¶8. While admitting that the presentence credit listed by the Department was accurate, Vasilinda noted that it failed to include the time served at SCI-Somerset between September 3, 2014, to June 29, 2015, and that none of this time is related to the new sentence at Docket No. 1788-2014. Petitioner's Answer to Respondent's Preliminary Objection, ¶14.

5

Thereafter, the Department filed its Application, in which it asserts that it is entitled to summary relief based upon records of the Pennsylvania Parole Board (Board), which it attached.[6] According to the Board's records, Vasilinda had a prior sentence from West Virginia, for which supervision was transferred to Pennsylvania under an interstate compact. On July 16, 2014, the Board issued a warrant to commit and detain Vasilinda based on a probation/parole violation of his West Virginia sentence. On August 27, 2014, Vasilinda posted bail on the new criminal charges (Docket No. 1788-2014). Consequently, when Vasilinda was transferred to state prison, he was detained solely on the Board detainer for the West Virginia case from September 3, 2014, until June 29, 2015. The Department avers that this period of incarceration should be credited to Vasilinda's West Virginia sentence, not the original sentence. The Department argues that it is under no duty to provide presentence credit where such time has been properly applied to another sentence. Further, the Department argues that mandamus will not lie against the Department to perform an illegal act by awarding presentence credit for a period of incarceration that was applied to another sentence. On this basis, the Department maintains that it is entitled to summary relief as a matter of law. Respondent's Application for Summary Relief, ¶¶9-19.

In response, Vasilinda admits that he has a sentence from West Virginia, but he disputes that West Virginia placed a detainer on him and challenges the Board's authority to detain him without authorization from West Virginia. Vasilinda otherwise admits that the Board's exhibits accurately reflect the actions

---

[6] The documents include: a Warrant to Commit and Detain Vasilinda for violating the probation/parole from West Virginia; Notice of Charges and Hearing; Criminal Arrest and Disposition Report; Supervision History; Progress Report; Compact Action Request; and Case Closure Report from the Interstate Commission for Adult Offender Supervision. Respondent's Application for Summary Relief, Exhibit A.

6

taken by the Board, but asserts that they do not show authorization from West Virginia. Petitioner's Response to Application for Summary Relief, ¶¶1-16.

## II. Discussion

"In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible therefrom." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). However, "the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

"In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen*, 103 A.3d at 369. "It is not necessary to accept as true any averments in the complaint that conflict with exhibits attached to it." *Id.* The test is whether, based on the pleadings, "it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer." *Id.*; *accord Drack v. Tanner*, 172 A.3d 114, 119 (Pa. Cmwlth. 2017) (citing *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)).

"In ruling on an application for summary relief, this Court must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law." *Allen*, 103 A.3d at 369.

7

Further, we note that "[a] proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the plaintiff, and a corresponding duty in the defendant." *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005). "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006).

"Notwithstanding, mandamus is an appropriate remedy to correct an error in [the Department's] computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and [the Department's] computation does not comply with that credit." *Allen*, 103 A.3d at 370. "However, mandamus is not available to challenge [the Department's] failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue." *Id.* Finally, "mandamus is not an appropriate remedy to cure an illegal sentencing order." *Id.*

It is well settled that, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of
> a detainer lodged by the Board and has otherwise met the

requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d at 571.

Applying the foregoing legal principles here, Vasilinda's mandamus action is based on his claim that, having posted bail on his new criminal charges (Docket No. 1788-2014), he is entitled to have the time served at SCI-Somerset between September 3, 2014, and June 29, 2015, applied toward his original sentence (Docket Nos. 1957-2008 and 2408-2008). However, Vasilinda's claim is refuted by the pleadings and supporting documentation.

Vasilinda was arrested on July 17, 2014, for a probation violation in connection with his original sentence (Docket Nos. 1957-2008, 2402-2008 and 2408-2008). On August 12, 2014, the sentencing court revoked Vasilinda's probation and remanded him to jail to "continue [until] new [charges] are disposed of." Petitioner's Brief, Exhibit C. Vasilinda admits that, on August 14, 2014, the probation detainers were lifted. Respondent's Preliminary Objection, ¶15; Petitioner's Answer to Respondent's Preliminary Objection, ¶15.

While the sentencing court ordered "credit for any time served" on Vasilinda's original sentence, it noted that the calculation of that credit rests solely with the Department and that Vasilinda was not entitled to "double dip." Petition for Review, Exhibit No. 4 at 1-2. The sentencing court also did not specify the credit at issue. *See id.* The Department applied credit for time spent incarcerated between July 17, 2014, and August 14, 2014, but not the time at issue, toward Vasilinda's original sentence. *See* Petition for Review, Exhibit 6 at 2.

9

According to the Department's Application, supporting exhibits, and Vasilinda's admissions regarding the same, on July 16, 2014, the Board lodged a detainer based on a violation of his probation/parole related to his West Virginia case. While the sentencing court's probation detainer on the original sentence was lifted on August 14, 2014, the Board's detainer was not. Consequently, when Vasilinda posted bail on the new criminal charges (Docket No. 1788-2014), he remained incarcerated solely under the Board's detainer issued in connection with his West Virginia sentence, not his original sentence. Therefore, the time spent incarcerated from September 3, 2014, until his transfer to Cambria County on June 29, 2015, is attributable toward the West Virginia sentence, not to his original sentence.[7] *See Bright v. Pennsylvania Board of Probation and Parole,* 831 A.2d 775, 778 (Pa. Cmwlth. 2003) (inmate was not entitled to have credit for presentence time applied to each of ten concurrent sentences for unrelated robberies; credit could be applied only once to one sentence); *Taglienti v. Department of Corrections*, 806 A.2d 988, 992 (Pa. Cmwlth. 2002) (credit on a sentence can only be given when it has not already been credited against another sentence).

Although Vasilinda contests the Board's authorization to detain him for a probation/parole violation of his West Virginia sentence and challenges the Board's compliance with an interstate compact, "[t]he purpose of mandamus is not to establish legal rights, but to enforce those rights already established . . . ." *Detar*, 898 A.2d at 29. Based on the material facts not in dispute, we conclude that Vasilinda has not demonstrated a clear right to relief, or a corresponding duty of the Department, to have this time credited toward his original sentence. Thus, the Department's right to judgment in this mandamus action is clear as a matter of law.

---

[7] Vasilinda does not allege that he did not receive credit toward his West Virginia sentence.

### III. Conclusion

Accordingly, we grant the Department's Application and dismiss Vasilinda's Petition. Having determined that the Department is entitled to summary relief, we dismiss the Department's PO in the nature of a demurrer as moot.

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Allen Vasilinda,     :
    :
    Petitioner    :
    :
    v.    : No. 440 M.D. 2019
    :
Department of Corrections,     :
    :
    Respondent :

# **O R D E R**

AND NOW, this 6th day of January, 2021, we grant the Respondent's Application for Summary Relief and dismiss Petitioner's Petition for Review. Respondent's Preliminary Objection in the nature of a demurrer is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge