# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Butler,                          :
                    Petitioner    :
                                     :

          v.                          :    No.  298 M.D. 2023
                                     :

Northampton County,                      :
Northampton County District              :
Attorney's Office, Northampton           :
County Public Defender's Office,         :
Northampton County Adult Probation,      :
Northampton County Criminal              :
Division, et al.,                        :
                    Respondents    :    Submitted:  December 8, 2025


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                 FILED: January 14, 2026

        Before this Court are the Preliminary Objections filed by Northampton County, Northampton County District Attorney's Office, Northampton County Public Defender's Office, Northampton County Criminal Division, and separate Preliminary Objections filed by Northampton County Adult Probation (together with all aforementioned entities, Respondents) objecting to the Petition for Review filed by Patrick Butler (Petitioner), an unrepresented litigant.  Petitioner filed a Petition for Review (Petition) in this Court seeking mandamus relief related to certain criminal sentences imposed in Northampton County.  As Respondents have correctly

contended that Petitioner's action constitutes an improper collateral attack on his criminal convictions, we sustain their Preliminary Objections and dismiss the Petition.

## I. BACKGROUND

Petitioner filed his Petition on July 3, 2023, seeking mandamus relief against Respondents. He filed a second Petition, titled "Petition for Issuance of Writ of Mandamus[,]" which we treat as his Amended Petition, on July 25, 2023. In his Amended Petition, he generally alleges issues related to his criminal sentencing and subsequent resentencing for a probation violation on two criminal dockets. He complains of a failure of the Northampton County Public Defender's Office to represent him on these matters, apparently having been appointed counsel from outside Public Defender's Office, and of an apparent error in calculating an amount of restitution determined on his case. For relief, Petitioner requests that this Court "issue a Writ of Mandamus to compel the Respondents to vacate and close cases 1788-2018, 4016-2018 [and] any additional supervision immediately ended, update the payment to the docket sheet and assess damages for wrongful incarceration, loss of wages, and violation of Constitutional rights." Petitioner's Amended Petition at 3.[1]

Respondents have raised Preliminary Objections in the nature of a demurrer stating that Petitioner has failed to state a claim upon which relief may be granted and that this Court lacks jurisdiction to consider the Petition.

## II. ISSUES

At issue before this Court is whether Respondents' Preliminary Objections should be sustained. They claim that Petitioner has failed to state a claim

---

[1] As this document is unpaginated, page numbers refer to electronic pagination.

and that this Court lacks jurisdiction over this action due to the fact that Petitioner's action can only be construed as a collateral attack on his criminal convictions and sentences.

In his February 9, 2024 "Motion to Dismiss Respondents['] Preliminary Objections"[2] Petitioner essentially reiterates his original allegations and responds to Respondents' legal argument regarding collateral attack as "technical nonsense." Petitioner's Brief at 2.

## III. DISCUSSION

When reviewing preliminary objections, we consider only the contents of the pleadings, accepting as true all well-pled allegations of material fact and reasonable inferences of such allegations. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006), *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 n.3 (Pa. Cmwlth. 2018). However, we need not accept as true conclusions of law, unwarranted inferences of fact, or opinions expressed by a pleading. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). A preliminary objection sounding in demurrer challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can be sustained only where, as a matter of law, the pleading party has failed to state a claim upon which relief can be granted. *Torres*, 997 A.2d at 1245. In considering preliminary objections, any doubt is resolved in favor of the non-moving party. *Id.*

---

[2] We treat this filing as Petitioner's Brief, as he filed no other brief, and his prior Application to Dismiss the Preliminary Objections was denied by order dated November 13, 2023. To the extent this was intended as a second Application to Dismiss Respondents' Preliminary Objections, it is denied.

As this Court has previously noted:

> The Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Further, such action "shall be the sole means of obtaining collateral relief ...." *Id.* While the PCRA is the appropriate avenue for post-conviction relief, additionally, this Court lacks original jurisdiction over such claims pursuant to Section 761 of the Judicial Code. Section 761 of the Judicial Code states: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except: (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court[.]" *Id.* (emphasis added).

*Washam v. Delaware Cnty. Ct. of Common Pleas* (Pa. Cmwlth., No. 417 M.D. 2021, filed April 21, 2023) slip op. at 4, 2023 WL 3032160.[3] The Amended Petition does not raise any cognizable legal arguments as to Petitioner's entitlement to relief. Rather, he generally alleges various errors by Respondents with respect to his criminal conviction and sentencing or that his sentence or incarceration was or is illegal, but with no context or analysis upon which to base any claim for relief. As such, the Amended Petition appears only to raise a collateral attack on Petitioner's convictions and sentences. This is not "technical nonsense" as argued by Petitioner, but rather a dispositive jurisdictional defect which means this Court cannot hear

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported opinions of this Court may be cited for their persuasive value. 210 Pa. Code § 69.414(a). Here, we rely on the cited case not for precedent, but as a clear and concise statement of the relevant law.

these claims. As the Amended Petition raises no cognizable claim other than an impermissible collateral attack on Petitioner's criminal convictions and subsequent sentences, this Court lacks jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Respondents' Preliminary Objections are sustained, and the Amended Petition is dismissed with prejudice.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Butler,                          :
                    Petitioner           :
                                         :
        v.                               :   No. 298 M.D. 2023
                                         :
Northampton County,                      :
Northampton County District              :
Attorney's Office, Northampton           :
County Public Defender's Office,         :
Northampton County Adult Probation,      :
Northampton County Criminal              :
Division, et al.,                        :
                    Respondents          :

## <u>O R D E R</u>

AND NOW, this 14th day of January 2026, the Preliminary Objections filed by Northampton County, Northampton County District Attorney's Office, Northampton County Public Defender's Office, Northampton County Criminal Division, and the separate Preliminary Objections filed by Northampton County Adult Probation, are SUSTAINED. Petitioner Patrick Butler's July 25, 2023 "Petition for Issuance of Writ of Mandamus[,]" treated as an Amended Petition for Review, is DISMISSED WITH PREJUDICE.


                            _____
                            MATTHEW S. WOLF, Judge