IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaCione Robinson, : 
     Petitioner : 
                :
    v. : No. 344 M.D. 2021
              : Submitted: October 21, 2022
Commonwealth of Pennsylvania :
Department of Probation and Parole :
and Commonwealth of Pennsylvania :
Department of Corrections, :
     Respondents :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM              FILED: January 20, 2023

   The Commonwealth of Pennsylvania Parole Board (Board)[1] and the Commonwealth of Pennsylvania Department of Corrections (DOC) (collectively, Respondents) have filed preliminary objections (POs) in the nature of a demurrer to LaCione Robinson's (Robinson) pro se Petition for Writ of Mandamus (Petition).[2] Determining this Court lacks jurisdiction over the issues Robinson raises in his Petition, we sustain Respondents' POs and dismiss Robinson's Petition.

---

[1] Before Robinson filed his Petition, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

[2] On December 13, 2022, Robinson filed a Motion for Judgement [sic] on the Pleadings. (Moving forward, we will refer to the Motion as the "Motion for Judgment on the Pleadings" which reflects the American English spelling of the word "judgment.") On the same date, Robinson filed an Application for Relief (Emergency Motion for Bail). As the two December 13, 2022 filings contain effectively the same arguments as the Petition, we address them together as the Petition.

## I.    Background and Procedural History

Robinson is currently in DOC custody at the State Correctional Institution at Mahanoy.  On August 17, 2015, the Lehigh County Court of Common Pleas (the trial court) sentenced Robinson for Forgery, Terroristic Threats with Intent to Terrorize Another, Simple Assault, Resisting Arrest, Disorderly Conduct and Public Drunkenness (the forgery charge) to an aggregate sentence of 19 to 39 months of incarceration followed by 12 months of consecutive probation. Petition (Pet.), Exhibit (Ex.) B.

On September 21, 2015, the trial court sentenced Robinson for Drug – Manufacture/Sale/Deliver w/Intent (the drug charge) to 9 to 23 months of incarceration and for Hindering Apprehension or Prosecution – Conceal Destroy Evidence to 6 to 23 months of incarceration.  *Id*. The trial court ordered the sentence for the drug charge to run consecutively to the previous sentence for the forgery charge.  Pet., Ex. E.

On November 13, 2015, the trial court issued a Corrected Order for the forgery charge to reflect an aggregate sentence of 16 to 32 months of incarceration, followed by 12 months of consecutive probation.  Pet., Ex. A.  In addition, the trial court acknowledged a Credit for Time Served (Credit) on the forgery charge from January 8, 2015 to August 17, 2015.  *Id*.

On November 24, 2015, the DOC recorded the above sentences, along with the Credit, and issued Robinson a DC16E Sentence Status Summary containing all the sentencing calculations. Pet., Ex. B.

Robinson was out on parole when on August 21, 2018, agents from the Pennsylvania Board of Probation and Parole (Agents) searched his residence and located a firearm.  Pet., Ex. E.  The search led to Robinson's arrest and conviction

for a violation of his parole and probation (the gun charge) and the trial court sentenced him to 5 to 10 years of incarceration. *Id.*

On May 25, 2021, Robinson filed a Motion to Correct Illegal Sentence (Motion to Correct) with the trial court, asserting he was not on probation supervision at the time Agents searched his residence, and the search was therefore illegal. Pet., Exs. E & F. On August 6, 2021, the trial court denied the Motion to Correct, finding Robinson's sentence was not illegal because he was, in fact, on probation supervision when Agents searched his residence and located a firearm. Pet. Ex. E.

On October 1, 2021, Robinson filed his Petition. Robinson asserts the DOC and Board altered the trial court's sentence on the forgery charge, and thereby enforced an illegal sentence. Pet., ¶¶ 14-15. Robinson further argues the illegal sentence resulted in an unlawful and illegal probation supervision, which ultimately resulted in the gun charge. *Id.* ¶ 16. He requests this Court dismiss the sentence and overturn the conviction for the gun charge, and he requests this Court release him from custody. Pet., Relief Requested.

On November 30, 2021, Robinson filed a Motion for Bail Pending Resolution of Writ of Mandamus (Motion for Bail). On December 9, 2021, this Court dismissed his Motion for Bail and ordered Respondents to file an answer to Robinson's Petition within 30 days.

On January 12, 2022, the Board filed POs to the Petition alleging defective service, lack of jurisdiction and a demurrer. The DOC filed POs on April 7, 2022. On April 18, 2022, this Court overruled the PO for defective service and ordered Respondents to submit a brief in support of the remaining POs on or before May 19, 2022.

3

The Board argues we should dismiss the Petition based on lack of jurisdiction because Robinson is requesting habeas relief and this Court has no jurisdiction over such requests. Further, the Board asserts to the extent Robinson is challenging the calculation of his sentence, the Board has no control over calculating minimum and maximum dates.

In support of its position, the DOC argues it lacks the power to adjudicate the legality of a sentence and asserts it relies on the sentencing orders and commitment forms it receives from sentencing courts. Further, the DOC asserts it properly recorded Robinson's sentences and requests this Court dismiss the Petition with prejudice.

## II. Discussion

Our review of preliminary objections is limited to the contents of the pleadings. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006). We accept as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 (Pa. Cmwlth. 2018). We do not accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). For a preliminary objection to be sustained, it must appear with certainty the law will not permit recovery, and we resolve any doubt in favor of the non-moving party. *Id.* A preliminary objection in the nature of a demurrer specifically challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can only be sustained in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Torres*, 997 A.2d at 1245.

4

Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the government agency to act, and (3) a lack of an alternative legal remedy. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (*citing McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)).

Under this standard, we first consider whether Robinson's Petition states a claim for which this Court can grant relief. We conclude we are without jurisdiction to address Robinson's requests and, therefore, this Court is unable to grant relief.

Insofar as Robinson's Petition requests immediate release from imprisonment, such a request is one for habeas relief. *See Warren v. Pa. Dep't of Corr.*, 616 A.2d 140 (Pa. Cmwlth 1992). Our original jurisdiction is set forth in 42 Pa.C.S. § 761. This section states: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except: (i) actions or proceedings in the nature of applications for a writ of habeas corpus** or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." 42 Pa.C.S. § 761 (emphasis added).

Therefore, we are without jurisdiction to review a request for habeas relief. Without jurisdiction, we are unable to grant relief.

Next, Robinson's Petition requests we dismiss or vacate his illegal sentence and overturn his conviction. Pet., Relief Requested. We are without jurisdiction to address this issue and therefore unable to grant relief.

Insofar as Robinson's Petition requests we vacate or overturn his sentence or conviction, he is requesting post-conviction relief. The Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, "provides for an action by which persons

5

convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Further, such action "shall be the sole means of obtaining collateral relief. . . ." *Id*.

Because Robinson's Petition seeks post-conviction relief, this Court lacks original jurisdiction pursuant to Section 761 of the Judicial Code. Section 761 of the Judicial Code states: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**: (i) actions or proceedings in the nature of applications for a writ of habeas corpus or **post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court**[.]" *Id*. (emphasis added).

Despite titling his Petition as a Petition for Writ of Mandamus, in substance, Robinson is collaterally attacking his sentence for the gun charge. Robinson may not collaterally attack his sentence in this Court. *See Scott v. Pa. Bd. of Prob. and Parole,* 256 A.3d 483 (Pa. Cmwlth. 2021).

Considering Robinson's requests for habeas and post-conviction relief, this Court is without jurisdiction and Robinson has therefore failed to state a claim for which this Court can grant relief.

### III. Conclusion

Accordingly, Respondents' POs in the nature of a demurrer are sustained. Both Robinson's Motion for Judgment on the Pleadings and his Emergency Motion for Bail are denied. Finally, this Court having granted Respondents' demurrer, Robinson's Petition is dismissed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaCione Robinson,                                  :
                              Petitioner           :
                                                   :
              v.                                   :   No.  344 M.D. 2021
                                                   :
Commonwealth of Pennsylvania                       :
Department of Probation and Parole                 :
and Commonwealth of Pennsylvania                   :
Department of Corrections,                         :
                              Respondents          :


**PER CURIAM**                           **O R D E R**


          **AND NOW**, this 20th day of January 2023, the Preliminary Objections
filed by the Commonwealth of Pennsylvania Parole Board and the Commonwealth
of Pennsylvania Department of Corrections are **SUSTAINED**; Robinson's
December 13, 2022 Motion for Judgment on the Pleadings is **DENIED**; Robinson's
December 13, 2022 Application for Relief is **DENIED**; and Robinson's Petition for
Writ of Mandamus is **DISMISSED**.