# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam,                               :
                          Petitioner         :
                                             :
          v.                                 : No. 417 M.D. 2021
                                             : Submitted: February 24, 2023
Delaware County Court of Common Pleas        :
As Separate Entity and Government Unit       :
of Commonwealth of Pennsylvania, Real        :
Party in Interest and Kevin J. Ransom,       :
Superintendent/Officer of Pennsylvania       :
Department of Corrections, and Luzerne       :
County Court of Common Pleas,                :
                          Respondents        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED: April 21, 2023


The Delaware County Court of Common Pleas and the Luzerne County Court of Common Pleas (collectively, Respondents) filed preliminary objections to the pro se petition for review (Petition) filed by Thomas Washam (Washam).[1] Determining this Court lacks jurisdiction over Washam's claims, we sustain Respondents' preliminary objections and dismiss Washam's Petition.

---

[1] On November 29, 2021, Washam filed a Civil Action in Mandamus (also titled Interlocutory Appeal as of Right). On March 7, 2022 this Court ordered it would treat the Action in Mandamus filing as a petition for review (above, Petition) addressed to the original jurisdiction of this Court.

# I. Background and Procedural History

The Petition arises from Washam's conviction in 1987 in the Delaware County Court of Common Pleas (the trial court). Because of this conviction, Washam is currently in the custody of the Department of Corrections (DOC) at the State Correctional Institution at Dallas.

In his Petition, Washam contests his conviction. He argues the trial court lacked jurisdiction to convict him. He asserts "[t]here is no relation-duty between Commonwealth of Pennsylvania and the flesh and blood man [Washam]". Pet., at 4. He also argues there were issues with his conviction ranging from witnesses, to money damages, to the authority of the Attorney General. Pet., generally. Additionally, Washam challenges his incarceration. Washam argues he is not "subject property …and should be released from custody under a "trust transfer deed." Washam asserts he created a trust transfer deed in which he named himself grantor and grantee and set forth the legal description as "WASHAM, Thomas, D.O.B.. . . S.S.# . . . ." Pet., at 7. Washam asserts he is "not the subject property of Department of Corrections and must be dissolved from custody and control . . . ." Pet., at 6.

Regarding the Luzerne County Court of Common Pleas, Washam asserts it "is liable for obstructing the administration of law and the commercial transactions of property owner on sale and grant of estate in land." Pet., at 5. Washam does not expound on this claim.

In response to Washam's Petition, Respondents filed preliminary objections (POs) in the nature of a demurrer. Respondents argue Washam fails to state a claim

for which relief can be granted and Washam is collaterally attacking his criminal sentence. PO ¶ 7.[2]

## II. Discussion

Our review of preliminary objections is limited to the contents of the pleadings. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006). We accept as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 (Pa. Cmwlth. 2018) (citation omitted). We do not accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). For a preliminary objection to be sustained, it must appear with certainty the law will not permit recovery, and we resolve any doubt in favor of the non-moving party. *Id.* A preliminary objection in the nature of a demurrer specifically challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can only be sustained in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Torres*, 997 A.2d at 1245.

Under this standard, we consider whether Washam's Petition states a claim for which this Court can grant relief. Insofar as Washam seeks release from imprisonment such a request is one for habeas relief. *See Warren v. Pa. Dep't of*

---

[2] On January 25, 2022, after filing his Petition, Washam filed a Motion to Satisfy Lien and Charges in Estate of Property (Motion to Satisfy Lien) seeking payment of $4,550,000 to satisfy a lien. Motion to Satisfy Lien, at 1-2. Washam alleged the lien arose through attachment in the trial court. *Id.* Also on January 25, 2022, Washam filed an Application for Relief seeking remand to the trial court to address his requests for habeas relief. On March 7, 2022, this Court ordered both January 25, 2022 filings of Washam to be decided with the POs. *See* March 7, 2022 Order. As both the January 25, 2022 Motion to Satisfy Lien and Application for Relief contain effectively the same arguments as the Petition, we consolidate them and address them together as the Petition.

*Corr.*, 616 A.2d 140 (Pa. Cmwlth 1992). Our original jurisdiction is set forth in 42 Pa.C.S. § 761. This section provides "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**: (i) actions or proceedings in the nature of applications for a **writ of habeas corpus** . . . ." 42 Pa.C.S. § 761 (emphasis added). Therefore, we are without jurisdiction to review a request for habeas relief. Without jurisdiction, we are unable to grant relief.

Next, Washam argues generally about issues surrounding his conviction. In the absence of any cognizable legal argument or factual basis, this Court is left to conclude Washam is launching a collateral attack on his 1987 criminal conviction. Washam may not collaterally attack his conviction in this Court. *See Scott v. Pa. Bd. of Prob. and Parole*, 256 A.3d 483 (Pa. Cmwlth. 2021). By attacking his conviction, Washam is requesting post-conviction relief.

The Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Further, such action "shall be the sole means of obtaining collateral relief . . . ." *Id*. While the PCRA is the appropriate avenue for post-conviction relief, additionally, this Court lacks original jurisdiction over such claims pursuant to Section 761 of the Judicial Code. Section 761 of the Judicial Code states: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**: (i) actions or proceedings in the nature of applications for a writ of habeas corpus or **post-conviction relief** not ancillary to proceedings within the appellate jurisdiction of the court[.]" *Id*. (emphasis added).

### III. Conclusion

Because Washam is requesting habeas relief and post-conviction relief, this Court is without jurisdiction to consider his requests.[3] Therefore, Washam has failed to state a claim for which this Court can grant relief. Accordingly, we sustain Respondents' POs and dismiss Washam's Petition.[4]

 

_____
STACY WALLACE, Judge

 

Judge Fizzano Cannon did not participate in the decision of this case.

---

[3] Even though Respondent Kevin J. Ransom did not file preliminary objections, we also dismiss the Petition as to him because we are without jurisdiction to consider Washam's Petition.

[4] On November 14, 2022, Washam filed for injunctive relief. Because this Court concludes we are without jurisdiction to address the merits of Washam's requests, this Court similarly lacks jurisdiction to consider his request for injunctive relief relative to this matter. Accordingly, Washam's request for injunctive relief is denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Washam,                 :
             Petitioner         :
                                     :
           v.                  : No. 417 M.D. 2021
                                     :
Delaware County Court of Common Pleas   :
As Separate Entity and Government Unit    :
of Commonwealth of Pennsylvania, Real    :
Party in Interest and Kevin J. Ransom,     :
Superintendent/Officer of Pennsylvania     :
Department of Corrections, and Luzerne     :
County Court of Common Pleas,           :
               Respondents     :

# **O R D E R**

**AND NOW**, this 21st day of April 2023, the Preliminary Objections filed by the Delaware County Court of Common Pleas and the Luzerne County Court of Common Pleas are **SUSTAINED**, the November 29, 2021 Petition, January 25, 2022 Motion to Satisfy Lien and the January 25, 2022 Application for Relief filed by Thomas Washam are **DISMISSED** and Washam's November 14, 2022 request for injunctive relief is **DENIED**.

_____
STACY WALLACE, Judge